[Cite as *State v. Chatman*, 2017-Ohio-8101.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                            :
                                                                      :
    *Plaintiff-Appellee*                         :    Appellate Case No. 27531
                                                                      :
v.                                                                   :    Trial Court Case No. 2017-CR-138
                                                                      :
MAURICE CHATMAN                              :    (Criminal Appeal from
                                                                      :    Common Pleas Court)
    *Defendant-Appellant*                      :
                                                                      :

. . . . . . . . . .

O P I N I O N

Rendered on the 6th day of October, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MICHAEL MILLS, Atty. Reg. No. 0092133, 371 West First Street, Second Floor, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Maurice Chatman, was indicted on February 6, 2017 for the offenses of Domestic Violence (2 prior offenses), a third degree felony, and Violation of a Protection Order (prior offense), a fifth degree felony. Chatman, on March 17, 2017, entered a guilty plea to the Domestic Violence offense. The State of Ohio, in exchange, dismissed the Violation of a Protection Order count, and, further, the State agreed that if the trial court decided to impose a prison term, the prison term could not exceed 24 months. The trial court accepted this sentencing restriction. The trial court, as such, had the option of sentencing Chatman to a term of community control sanctions or a prison term of 9, 12, 18, or 24 months. The sentencing agreement eliminated the possibility that Chatman could be sentenced to a prison term of 30 or 36 months.

{¶ 2} The trial court ordered the preparation of a pre-sentence investigation report (PSI). Chatman, following the trial court's receipt of the PSI, was sentenced on April 6, 2017. The trial court imposed a prison term of 24 months. This appeal followed.

{¶ 3} Chatman was appointed appellate counsel. Appellate counsel, on June 2, 2017, filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), indicating that after his review of the "original court file" and the "transcript of proceedings" he could find "no genuine issue… which may be argued… on appeal." *Anders* Brief 1. Appellate counsel requested that we conduct an independent review "to determine whether any possible error exists." *Id.* Appellate counsel requested, without elaboration, that we review the following potential assignments of error:

(1) whether… [Chatman] received ineffective assistance of counsel…; (2)

whether the trial court erred in sentencing [Chatman] to the maximum sentence permitted by the plea agreement; and (3) whether the trial court erred by failing to comply with Crim.R. 11 when accepting [Chatman's] plea.

*Anders* Brief 1-2.

{¶ 4} We, in an entry filed on June 14, 2017, informed Chatman that his appellate attorney filed an *Anders* brief and granted him 60 days from June 14 to file a pro se brief. Chatman has not filed such a brief.

{¶ 5} We have, consistent with our duty under *Anders*, conducted an independent review of the record. Our review included a thorough examination of the *Anders* brief, the plea and sentencing transcripts, the plea and sentencing entries, and the PSI. This review revealed no arguably meritorious appellate issues.

{¶ 6} Specifically, our review reveals no potentially meritorious claim that Chatman's trial counsel provided ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). Further, it cannot be argued that the trial court, given the parties' sentencing agreement, erred by imposing the maximum prison term allowed by the agreement. Chatman was advised of the sentencing agreement at the plea hearing, and there is no indication he had any misunderstanding or confusion regarding its terms. Finally, the trial court fully complied with Crim.R. 11 and there is no indication that Chatman's guilty plea was not knowingly, intelligently, and voluntarily entered into with full knowledge of the constitutional rights he was surrendering and the actual and potential consequences of the plea.

{¶ 7} We have, in addition to the above discussed issues, reviewed the record to determine if there are any arguably meritorious appellate issues, and we have found

-4-

none.   Accordingly, the trial court's judgment is affirmed.


. . . . . . . . . . . . .


HALL, P.J. and WELBAUM, J., concur.


Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Michael Mills
Maurice Chatman
Hon. Mary Lynn Wiseman